Sundry justices' judgments, amounting to $250 and more, were rendered against M. A. Causey, and William Coltrane, the defendant, became surety for the stay of execution. The money was collected from and paid by Coltrane, prior to the death of Causey, which occurred in September, 1840. At November Term, 1840, of Randolph County Court, Coltrane administered on Causey's estate; and on 4 August, 1842, Benjamin Swain, the plaintiff's intestate, obtained a judgment before a justice of the peace against said Causey, for $28.46, which amount, since the death of Causey, Swain had paid as his surety on a judgment obtained before his death. The defendant suggesting a want of assets, the case was returned to court for trial.
Coltrane had assets enough, and no more than enough to satisfy the debt due to himself. If he had a right to retain a preference to Swain's debt, judgment to be rendered for the defendant; if not, for the plaintiff.
His Honor, Settle, J., at RANDOLPH, on the last Spring Circuit, being of opinion for the defendant, gave judgment accordingly; from which judgment the plaintiff appealed to the Supreme Court.
Revised Statutes, chapter 113, section 4, when a surety pays the debt of his principal, the claim of the surety against the personal representative of the principal, shall have the same priority against the assets as belonged to the demand of the creditor. In this case, the defendant, as surety of Causey, had paid a judgment rendered against Causey, to which the defendant had become surety for the stay of execution. The defendant clearly had a right to retain by force of the above statute. The fact that the money was paid by the surety before the death of the principal makes no difference. The case falls both within the words of the statute, which are very guarded, and the (302) evil which it was intended to remedy.
PER CURIAM. Judgment affirmed.
Cited: Howell v. Reams, 73 N.C. 393; Liverman v. Cahoon, 156, N.C. 203. *Page 285